STEVEN JAY ECHTMAN
3745 Divisadero Street, Apt. 3
San Francisco, CA 94123
Cellular Phone: (310) 962-1021
Facsimile: (415) 324-8555
Email: Echtman@Gmail.com
Pro Se Defendant



**FILED**

APR 16 2015

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>STEVEN JAY ECHTMAN,<br><br>Debtor. | Case No. 14-31373 HLB<br>Chapter 7<br><br>Adversary Proceeding No. 15-03013 HLB |
| TRACY HOPE DAVIS,<br>United States Trustee,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JAY ECHTMAN,<br><br>Defendant. | |

**DEBTOR-DEFENDANT STEVEN J. ECHTMAN'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS THE U.S. TRUSTEE'S ADVERSARY
PROCEEDING COMPLAINT TO DENY HIM A DISCHARGE FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendant-Debtor Steven J. Echtman hereby moves to dismiss the Adversary Proceeding

Complaint of the U.S. Trustee dated February 27, 2015 for failure to state a claim upon which relief

can be granted, pursuant to Bankruptcy Rule 7012 and Rules 12(b)(6), 9(b) and 8(a) of the Federal

Rules of Civil Procedure. For the reasons set forth in more detail below, the U.S. Trustee's

Adversary Proceeding Complaint that seeks to deny Mr. Echtman a discharge in bankruptcy fails as

a matter of law.

# PRELIMINARY STATEMENT

This is a case in which an overzealous U.S. Trustee is attempting to deny a debtor a discharge under Section 727(a)(2)(A) of the Bankruptcy Code on grounds that have been soundly rejected by the Ninth Circuit in well-established case law. The U.S. Trustee seeks to have Mr. Echtman barred from a discharge based on a pre-bankruptcy transfer of $11,000 in severance funds to his girlfriend, notwithstanding that the girlfriend immediately transferred all of the funds back to Mr. Echtman by check, and he cashed all of the checks prior to the filing of his bankruptcy petition. Under Ninth Circuit law, a debtor has not made a fraudulent transfer of assets and cannot be denied a discharge under Section 727(a)(2)(A) if the debtor has reclaimed the funds prior to filing for bankruptcy protection. *First Beverly Bank v. Adeeb*, 787 F.2d 1339, 1345 (9th Cir. 1986) (there is no "transfer" in hindrance of creditors under Section 727 if the funds have been transferred back to the debtor prior to the time of the filing). This is precisely what happened here, and what is detailed in the Complaint. Moreover, the transfers were fully disclosed on the debtor's schedules, at the Meeting of Creditors as well as at the Rule 2004 examination. The U.S. Trustee nonetheless invokes Section 727 in Count I of the Adversary Proceeding Complaint to improperly deny Mr. Echtman a discharge. The U.S. Trustee's Section 727(a)(2)(A) claim has no legal basis and should be dismissed as a matter of law.

The U.S. Trustee also attempts to deny Mr. Echtman a discharge under Section 727(a)(4) based upon an innocent mistake in his schedules as to the precise amount of cash that he had on hand at the time of his Chapter 7 bankruptcy filing. The U.S. Trustee claims "fraud" as to a non-material error of $2,266 without pleading any factual basis for inferring fraudulent intent. In addition, the U.S. Trustee fails to plead any materiality in the error, which is a required element of a claim under Section 727(a)(4). The $2,266 represents an immaterial amount of exempt funds with no impact on the administration of the estate. The U.S. Trustee's fraud claim should be dismissed for failure to state a claim under Rules 9(b) and 8(a) of the Federal Rules of Civil Procedure.

# STATEMENT OF FACTS[1]

In Count I of the Adversary Proceeding Complaint, the U.S. Trustee seeks to deny Mr. Echtman a discharge on the grounds that, at a time when he was unemployed, he temporarily transferred $11,000 in severance funds received from his former employer, AmigoCloud, to his girlfriend for safekeeping by depositing the funds into her bank account on July 18 and 20, 2014. Adv. Comp. ¶¶ 24-26. The Adversary Proceeding Complaint states that Mr. Echtman's girlfriend "[i]mmediately thereafter" transferred the full $11,000 back to Mr. Echtman by writing him seven checks for a total amount of $11,000. *Id.* at ¶ 27. By the time of his bankruptcy filing, Mr. Echtman had cashed *all seven* "Severance Checks," fully reclaiming his previously transferred severance funds. *Id.* at ¶ 46 ("Defendant had negotiated *the last* Severance Checks one day prior to the bankruptcy filing on September 23, 2014") (emphasis added).

That temporary transfer was prominently disclosed on Mr. Echtman's bankruptcy schedules, in item #10 of the Statement of Financial Affairs, which states in all capital letters "DEBTOR GAVE SEVERANCE FUNDS TEMPORARILY FOR SAFEKEEPING AND [SHE] IMMEDIATE[LY] WROTE CHECKS BACK TO DEBTOR FOR FULL AMOUNT." *Id.* at ¶¶ 29-30. In addition, Mr. Echtman was candid about the temporary transfer of his severance funds at the Meeting of Creditors and at his Rule 2004 examination. *Id.* at ¶¶ 34-35.

In Count II of the Adversary Proceeding Complaint, the U.S. Trustee seeks to deny Mr. Echtman a discharge for underreporting his cash on hand at the time of his bankruptcy filing by $2,266. Adv. Comp. at ¶ 42. Mr. Echtman's original schedules stated that he had $300 in cash at the time of his filing. *Id.* at ¶ 43. Mr. Echtman later amended his schedules to correct the amount of cash on hand to $2,566. *Id.* at ¶ 44. The U.S. Trustee alleges that the error was fraudulent, but

---

[1] For purposes of this motion, the well-pleaded facts of the Adversary Proceeding Complaint are accepted as true. The motion does not accept as true those alleged "facts" that are implausible or not well-pleaded.

Case: 15-03015   Doc# 10   Filed: 04/16/15   Entered: 04/16/15 16:37:28   Page 3 of 9

pleads no facts to support an inference of fraudulent intent – the factual allegations show only that an error was made and promptly corrected upon discovery of the error by the debtor. *Id.* at ¶¶ 43-49. The U.S. Trustee also fails to plead any facts to support a finding of materiality in the error.

## ARGUMENT

### I. COUNT I OF THE ADVERSARY PROCEEDING COMPLAINT FAILS TO STATE A CLAIM FOR DENIAL OF A DISCHARGE UNDER 11 U.S.C. § 727(a)(2)(A).

Count I of the Adversary Proceeding Complaint states a defective claim that should be dismissed as a matter of law. In Count I, the U.S. Trustee seeks to deny Mr. Echtman a discharge for allegedly making a fraudulent transfer in hindrance of creditors within one year prior to his bankruptcy petition in violation of 11 U.S.C. § 727(a)(2)(A). However, the U.S. Trustee apparently misunderstands the meaning of "transfer" under § 727(a)(2)(A). Under well-established Ninth Circuit precedent, there is no "transfer" in hindrance of creditors if the funds have been transferred back to the debtor prior to the bankruptcy filing. As shown on the face of the Adversary Proceeding Complaint in this case, the allegedly "transferred" funds were immediately transferred back to the Debtor and fully reclaimed by the Debtor prior to his bankruptcy filing. As a result, there was no predicate "transfer" in hindrance of creditors within the meaning of § 727(a)(2)(A) and Count I should be dismissed as a matter of law.

Section 727(a)(2)(A) provides that a Chapter 7 debtor may be denied a discharge if he has fraudulently "transferred" assets in hindrance of creditors within one year prior to his bankruptcy petition. In *First Beverly Bank v. Adeeb*, 787 F.2d 1339, 1344-45 (9th Cir. 1986), the Ninth Circuit held that the word "transferred" as used in § 727(a)(2)(A) means "transferred and remained transferred" at the time of the bankruptcy filing. A debtor who has re-acquired all or substantially all of the transferred funds prior to the bankruptcy filing cannot be denied a discharge under § 727(a)(2)(A). *Id.*

In *Adeeb*, an insolvent individual transferred assets to hide them from his creditors, based upon faulty advice from non-bankruptcy counsel. *Id.* at 1341. After consulting a bankruptcy lawyer, he was advised to reverse the transfers and disclose them to his creditors. *Id.* In accordance with that advice, he attempted to re-acquire the transferred assets and called a meeting of his creditors to inform them of the transfers. *Id.* at 1341-42. Three of the creditors initiated an involuntary bankruptcy petition against the debtor. *Id.* at 1342. Promptly thereafter, he filed a voluntary petition seeking a discharge. *Id.* Certain creditors sought to have the debtor's discharge denied under § 727(a)(2)(A). *Id.* A trial was held on that claim, and the bankruptcy court found that the debtor was barred from obtaining a discharge. *Id.* The Ninth Circuit ultimately reversed that finding and remanded for further proceedings.

The Ninth Circuit held that the § 727(a)(2)(A) claim for denial of a discharge potentially failed as a matter of law. According to the Ninth Circuit, so long as substantially all of the transferred assets are recovered prior to filing, the debtor's initial intent in making the initial transfer is irrelevant:

> We conclude that a debtor who transfers property within one year of bankruptcy with the intent penalized by section 727(a)(2)(A) may not be denied discharge of his debts if he reveals the transfers to his creditors, recovers substantially all of the property before he files his bankruptcy petition, and is otherwise qualified for a discharge.

*Id.* at 1345.

Under this abundantly clear Ninth Circuit rule, Mr. Echtman may not be denied a discharge for his temporary transfer of severance funds to his girlfriend in July 2014. Regardless of intent, Mr. Echtman recovered all of the property before he filed his bankruptcy petition. In addition, Mr. Echtman disclosed the temporary transfers to his creditors on his bankruptcy schedules, at the Meeting of Creditors and at the Rule 2004 examination.

The Adversary Proceeding Complaint shows on the face of the pleading that the U.S. Trustee has no claim for denial of a discharge. The pleading shows that the transferred $11,000 was

immediately re-transferred to Mr. Echtman and that Mr. Echtman had cashed all of the checks from his girlfriend prior to filing his bankruptcy petition on September 23, 2014. Adv. Comp. at ¶¶ 24-30, 46. As a result, there was no "transfer" within the meaning of § 727(a)(2)(A). The Complaint also shows that the transfers were fully disclosed to creditors, on the schedules and at the Rule 2004 examination. *Id.* at ¶¶ 29-30, 34-35.

Under these circumstances, the U.S. Trustee has no claim for denial of a discharge and Count I of the Adversary Proceeding Complaint should be dismissed as a matter of law.

## II. COUNT II OF THE ADVERSARY PROCEEDING COMPLAINT FAILS TO STATE A CLAIM FOR DENIAL OF A DISCHARGE UNDER 11 U.S.C. § 727(a)(4).

In Count II of the Adversary Proceeding Complaint, the U.S. Trustee seeks to have Mr. Echtman barred from receiving a discharge based upon an error in his bankruptcy schedules with respect to the amount of cash that he had on hand as of September 23, 2014, the date of the bankruptcy filing. The U.S. Trustee alleges that this error was made "knowingly" and "fraudulently" to justify a denial of discharge under 11 U.S.C. § 727(a)(4), but pleads no facts to properly infer the required scienter, as opposed to an innocent mistake. The U.S. Trustee bases this claim on the fact that the Debtor erred on his Schedule B filed October 6, 2014, a completely understandable and non-material miscalculation which the Debtor promptly corrected when discovered, the discovery of which occurred after the Rule 2004 examination based on the U.S. Trustee's follow up questions at the conclusion of the Rule 2004 examination.

The U.S. Trustee fails to make any showing of materiality as to the error. The U.S. Trustee also does not plead that the error had any impact on the administration of the estate. Count II of the Adversary Proceeding Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 9(b) and 8(a), and should be dismissed as a matter of law.

The essential elements of a claim to deny a debtor a discharge under Section 727(a)(4) are that: (1) the debtor knowingly and fraudulently made a false oath in connection with the case; and

(2) the oath relates to a material fact. *In re Wills*, 243 B.R. 58, 62 (B.A.P. 9th Cir. 1999). A false statement or omission that has no impact on a bankruptcy case is not material and will not be grounds for denial of a discharge under § 727(a)(4)(A). *Id.*

Any federal action alleging fraud must comply with Fed. R. Civ. P. 9(b), which requires pleading with particularity. *Vess v. Ciba-Geigy Corp.*, 317 F. 3d 1097, 1103 (9th Cir. 2003). Not only does this Adversary Proceeding Complaint fail to plead fraud with particularity, it fails the more liberal pleading rules for non-fraud causes of action, because it consists of wholly conclusory allegations of fraud. On a motion to dismiss, conclusory allegations will not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

These pleading rules are consistent with the purpose of Section 727: "Section 727's denial of discharge is construed liberally in favor of the debtor and strictly against those objecting to discharge." *First Beverly Bank v. Adeeb*, 787 F.2d at 1342.

In the Adversary Proceeding Complaint, the U.S. Trustee offers no more than sheer conjecture that Mr. Echtman's error as to the amount of cash that he had on hand at the time of his bankruptcy filing was "knowingly false" as opposed to an innocent mistake. That speculation should not be accepted as true, and Count II should be dismissed as a matter of law.

In addition, the Adversary Proceeding Complaint contains no allegation that the error was material. In fact, the pleading shows that the error was de minimis and was corrected, causing no impact to the bankruptcy estate.

The pleading alleges that $300 in cash was listed on the original schedules filed on October 6, 2014, and that Mr. Echtman voluntarily corrected those schedules in February 2015 to disclose that he had $2,566 in cash on hand as of September 23, 2014 – a non-material mistake of $2,266,

which is an amount below the threshold of exempt property that may be retained by the debtor. The rest of the pleading consists of unsupported conjecture about Mr. Echtman's state of mind at the time that he swore to the accuracy of the schedules in October 2014. There is nothing in the pleading to support an inference of an intentional falsity – there is no motive for Mr. Echtman to hide the funds (which were otherwise fully disclosed as a portion of the $11,000 in severance payments) and no materiality to the error. The pleading fails to note that the money was deposited in the bank and disclosed to the U.S. Trustee on the debtor's bank statements. The conclusory allegations as to Mr. Echtman's state of mind in connection with the mistake as to the amount of cash that he had on hand on September 23, 2014 should be rejected and Count II should be dismissed for failure to plead scienter and materiality.

## CONCLUSION

For the foregoing reasons, the Adversary Proceeding Complaint should be dismissed in its entirety with prejudice.

Dated: April 16, 2014

Respectfully submitted,

_____

STEVEN JAY ECHTMAN
3745 Divisadero Street, Apt. 3
San Francisco, CA 94123
Cellular Phone: (310) 962-1021
Facsimile: (415) 324-8555
Email: Echtman@Gmail.com