1  TRACY HOPE DAVIS
   United States Trustee for Region 17
2  Office of the U.S. Trustee
   235 Pine Street, Suite 700
3  San Francisco, CA 94104
   Telephone: (415) 705-3333
4  Facsimile: (415) 705-3379

5  By:    JULIE M. GLOSSON,
          Trial Attorney (#230709)
6         Email: julie.m.glosson@usdoj.gov

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11   In re                          )   Case No. 14-31373 HLB
                                     )
12   **STEVEN JAY ECHTMAN**,         )   Chapter 7
                                     )
13                                   )
                                     )
14                 Debtor.           )
                                     )
15   _____        )
                                     )   AP NO. 15-3013
16   TRACY HOPE DAVIS,               )
     United States Trustee,          )
17                                   )
                   Plaintiff,        )
18                                   )
                                     )
19   v.                              )
                                     )
20                                   )
     STEVEN JAY ECHTMAN,             )
21                                   )
                   Defendant.        )
22   _____        )

23

24       **UNITED STATES TRUSTEE'S <u>AMENDED</u> COMPLAINT TO DENY
            <u>DISCHARGE OF DEBTOR UNDER 11 U.S.C. § 727(A)</u>**
25

26
        Plaintiff Tracy Hope Davis, United States Trustee for Region 17, represents:
27
        1.     Plaintiff is the United States Trustee for Region 17 appointed under 28 U.S.C. §
28
   581.

   UST'S AMENDED COMPLAINT TO DENY DISCHARGE                              1

2.     Defendant Steven Jay Echtman is the Debtor in the underlying chapter 7 bankruptcy case of In re Steven Jay Echtman, Case No. 14-31373.

## JURISDICTION AND VENUE

3.     This adversary proceeding is filed in the above-captioned bankruptcy case that was commenced on September 23, 2014, by Defendant.

4.     Defendant commenced the aforementioned bankruptcy case with the assistance of counsel by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, Case No. 14-31373.

5.     This is an adversary proceeding in which Plaintiff seeks to deny the discharge of Defendant in Case No. 14-31373 under 11 U.S.C. § 727(a).

6.     The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727.

7.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

8.     Venue is proper under 28 U.S.C. § 1409(a).

9.     Plaintiff has standing to object to the granting of a discharge under 11 U.S.C. §§ 307 and 727(c)(1).

10.     The Court initially set December 29, 2014 as the last date to object to Defendant's discharge.  That deadline was extended to February 27, 2014, by court order.  See Order [dkt. 26].  This complaint is therefore timely.

## FACTS RELEVANT TO EACH CAUSE OF ACTION

11.     Defendant signed the bankruptcy petition filed in this case on September 23, 2014, appearing at docket #1.

12.     Defendant signed the amended petition filed in this case on September 25, 2014, appearing at docket #4.

13.     Defendant signed the schedules of assets and liabilities and income and expenses, identified as Schedules A through J, and the Statement of Financial Affairs on October 6, 2014, appearing at docket #9.

14.     Defendant signed the amended Schedules B and C on February 13, 2015,

Case: 15-03013   Doc# 21   Filed: 07/02/15   Entered: 07/02/15 09:13:19   Page 2 of 7

appearing at docket #29.

15.     Defendant amended Schedules B and C after the United States Trustee's Bankruptcy Rule 2004 examination on or about February 10, 2015.

16.     The first meeting of creditors in this case was noticed for and held on October 29, 2014.

17.     Defendant appeared and testified under oath at that meeting of creditors.

18.     Defendant was represented by counsel at that meeting of creditors.

19.     Defendant testified at that meeting of creditors that his schedules and Statement of Financial Affairs filed on October 6, 2014, were each true and correct.

20.     By filing the petition, Defendant seeks a discharge of his unsecured creditors.

21.     Defendant scheduled creditors holding unsecured nonpriority claims in the amount of $192,868.91.

## FIRST CAUSE OF ACTION

### Transfer of Property With Intent To Hinder, Delay, Or Defraud Creditor Or Trustee Under 11 U.S.C. § 727(a)(2)(A)

22.     Plaintiff refers and incorporates herein paragraphs 1 through 21, inclusive.

23.     Defendant transferred property within one year prior to the bankruptcy filing with the intent to hinder, delay, or defraud a creditor or the trustee, when Defendant transferred $11,000 to his girlfriend in July, 2014, with the intention of keeping those funds beyond the reach of judgment creditors.

24.     On or about July 18, 2014, Defendant received severance funds in the amount of $12,000 from Amigo Cloud ("Severance Funds").

25.     On or about July 18, 2014, Defendant transferred $6,000 of the Severance Funds to his girlfriend, Rebecca Atkinson, by depositing that portion into her checking account at Bank of America.

26.     On or about July 20, 2014, Defendant transferred $5,000 of the Severance Funds to his girlfriend, Rebecca Atkinson, by depositing that portion into her checking account at Bank of America.

27. Immediately thereafter, Defendant received from Ms. Atkinson seven (7) checks ("Severance Checks") numbered 1632 to 1638 totaling $11,000.

28. Each of the Severance Checks was made payable to Defendant.

29. At item #10 on the Statement of Financial Affairs, Defendant stated under penalty of perjury: "DEBTOR GAVE SEVERANCE FUNDS TEMPORARILY FOR SAFE KEEPING AND IMMEDIATE WROTE CHECKS BACK TO DEBTOR FOR FULL AMOUNT." (sic) (emphasis in original).

30. At item #10, Defendant identified the transferee as "Rebecca Atkinson" with an address of 3745 Divisadero Street, Apt. 3, San Francisco, CA 94123.

31. Defendant signed the Statement of Financial Affairs under penalty of perjury.

32. Defendant transferred the Severance Funds to Ms. Atkinson to prevent the levy of those funds by one or more judgment creditors.

33. As such, Defendant transferred the Severance Funds with the intent to hinder, delay, or defraud a creditor or the trustee.

34. Defendant testified under oath at the Rule 2004 examination that his intention in transferring the Severance Funds to Ms. Atkinson was to avoid creditors from attaching those funds.

35. Defendant testified under oath at the Rule 2004 examination that he did not deposit the Severance Funds into a bank account in his own name because he did not trust the safety of banks because of the judgments and levies.

36. Discover Financial Services, or it successor or assign, ("Discover") obtained a judgment against Defendant and Hear Planet, Inc., one of Defendant's business interests, on or about May 2, 2014.

37. Defendant reported under penalty of perjury at item #4 of the Statement of Financial Affairs levies by Discover, including one in July, 2014 and two in September, 2014.

38. At the time Defendant transferred the Severance Funds to Ms. Atkinson, he was not employed.

39. At the time Defendant transferred the Severance Funds to Ms. Atkinson, he was

did not have the ability to pay his debts.

40. Based upon the foregoing, Defendant's discharge should be denied under 11 U.S.C. § 727(a)(2)(A).

## SECOND CAUSE OF ACTION

### False Oath Under 11 U.S.C. § 727(a)(4)

41. Plaintiff refers and incorporates herein paragraphs 1 through 40, inclusive.

42. Defendant made a material false oath when he knowingly and fraudulently under reported the amount of cash on hand at $300 on Schedule B, which he signed under penalty of perjury, when Defendant knew or should have known that he had $2,566 in cash on hand at the time of the bankruptcy filing on September 23, 2014.

43. On Schedule B filed on October 6, 2014, Defendant declared under penalty of perjury that he held in his possession $300 in cash on hand at the time of his bankruptcy filing on September 23, 2014.

44. Defendant's statement on Schedule B that he held $300 cash on September 23, 2014, was false because he had cash of $2,566, as reported on his amended Schedule B, filed under penalty of perjury on February 13, 2015.

45. Defendant filed the amended Schedule B on February 13, 2015, after the United States Trustee's Rule 2004 examination on February 10, 2015.

46. Defendant's statement about the amount of cash on hand in Schedule B filed on October 6, 2014, was made knowingly because Defendant had negotiated the last of the Severance Checks one day prior to the bankruptcy filing on September 23, 2014, in the amount of $5,000.

47. Thus, one day prior to filing, Defendant held cash of at least $5,000.

48. As reported to the United States Trustee by Defendant's counsel, Defendant paid counsel from the final Severance Check.

49. According to the Statement of Financial Affairs, item #9, Defendant paid $2,349 to Kostopoulos Law Group PC on September 22, 2014.

50. Defendant's statement about the amount of cash on hand in Schedule B filed on

UST'S AMENDED COMPLAINT TO DENY DISCHARGE                                   5

October 6, 2014, was made fraudulently because Defendant intended to deceive creditors and the trustee as to the true amount of the Severance Funds he had in his possession at the time of filing.

51.    Defendant's omission as to the true amount of cash on hand, as reported on Schedule B filed on October 6, 2014, was material because it related directly to his assets and his financial condition, and in particular, to the cash he had concealed from creditors in the months prior to the bankruptcy filing.

52.    When Defendant had opportunities to explain or address any changes that should be made to his schedules and statements to ensure that they were true and correct as of the time of the filing of his bankruptcy petition, Defendant failed to disclose the true amount of cash on hand.

53.    Defendant's first opportunity occurred when he testified under oath at the first meeting of creditors on October 29, 2014.

54.    At that meeting, Defendant declared under penalty of perjury that his bankruptcy documents, including Schedule B filed on October 6, 2014, were true and correct.

55.    Defendant did not disclose the true amount of cash on hand at the meeting of creditors on October 6, 2014.

56.    Defendant's second opportunity to correct the record occurred on February 10, 2015, when Defendant declared under oath that his schedules and statements, including Schedule B, were true and correct.

57.    Defendant did not disclose the true amount of cash on hand at the Rule 2004 examination on February 10, 2015.

58.    Based upon the foregoing, Defendant's discharge should be denied under 11 U.S.C. § 727(a)(4).

///

## **PRAYER FOR RELIEF**

59.     WHEREFORE, Plaintiff prays that the discharge of Defendant be denied under

11 U.S.C. § 727(a)(2)(A) and/or 11 U.S.C. § 727(a)(4), and for such other relief as this Court

deems appropriate.


                                    TRACY HOPE DAVIS
                                    UNITED STATES TRUSTEE


Dated:  July 2, 2015               By: /s/ Julie M. Glosson
                                    Trial Attorney
                                    Office of the United States Trustee
                                    235 Pine Street, Suite 700
                                    San Francisco, CA 94104
                                    Telephone: (415) 705-3333
                                    Facsimile: (415) 705-3379